BEFORE THE THIRD DIVISION, OCTOBER 20, 1943

No. 48902.—Protests 82358–K, etc., of M. E. Dey & Co. (Milwaukee).

KEEFE, Judge:   The merchandise under consideration in these protests consists of green salted hides.   The merchandise was liquidated upon the basis of the invoice weights and the unit entered values, the hides being appraised as entered.

The plaintiff among other things claims that duty was assessed upon a weight in excess of the net weight of the merchandise in its condition as imported.

At the trial there was admitted in evidence on behalf of the plaintiff nine weight reports or returns signed by John A. Hull & Co., city weighers, of 84 Gold Street, New York City, and also a freight bill issued by the Chicago, Milwaukee, St. Paul and Pacific Railroad Co., as well as a schedule showing the entered weights and the certified weights for the entries involved herein. These documents were marked collective exhibit 1.

Counsel for both sides agreed that the net weights of the shipments in the condition as imported were as follows:

| | | | |
|---|---|---|---|
| Entry 367 | 58,742 pounds | Entry 3 | 85,272 pounds |
| Entry 398 | 29,438 pounds | Entry 402 | 33,789 pounds |
| Entry 401 | 68,636 pounds | Entry 502 | 75,742 pounds |
| Entry 461 | 83,312 pounds | Entry 478 | 61,400 pounds |

The record in the case of *Garvey* v. *United States*, Abstract 38465, was admitted in evidence by consent of the parties hereto. In that case the collector assessed duty at 10 percent ad valorem under paragraph 1530 (a), Tariff Act of 1930, on the basis of value found by multiplying the invoiced quantity by the entered price per pound. The appraiser had approved the entered *per se* price per pound. The importers claimed that the collector's failure to weigh the hides at the time of importation, and in adopting the invoice weights as the weight of the merchandise, resulted in assessing duty upon a greater value than the merchandise possessed as the hides weighed less at the time of importation than when exported. There city weighers had determined the weight at the time of importation. The court stated that "It is presumed in the absence of evidence to the contrary that the appraiser approved the entered value as being the value of the merchandise in its condition at the time of importation, taking into consideration its relative loss in weight as affecting the value thereof," and it was held that the weights found by the city weighers should be used by the collector as a basis for determining the value upon which duty should be assessed.

Following the decision in the *Garvey* case, *supra*, we hold that the net weights of the hides, as agreed upon between the parties herein, should be used by the collector as a basis in determining the duty applicable thereto rather than the net invoiced weights.

The Government, however, moves to dismiss protest 83956–K, so far as entry 502 is involved for the reason that the importer filed a protest on February 4, 1942, claiming that "duty was assessed on too great a quantity and allowance should be made on four bales of hides short," and thereafter, on March 12, 1942, the collector acceded to the protest and reliquidated the entry making allowance as claimed. Within 60 days after the date of reliquidation, but more than 60 days after liquidation, the importer filed the protest here before us against such reliquidation, claiming among other things that "duty was assessed upon the merchandise * * * upon a weight in excess of the net weight of the merchandise in its condition as imported."

We are of the opinion that the motion is well taken. In the case of *Dover Shipping Co., Ltd.* v. *United States*, 4 Cust. Ct. 135, C. D. 306, following *Woolworth* v. *United States*, 26 C. C. P. A. 157, C. A. D. 10, this court held that a protest filed within 60 days after a reliquidation was untimely when the question in issue was accepted by the importer at the time of the original liquidation without protest. In our opinion the wording of the original protest against the collector's assessment in this entry did not contemplate that the excessive quantity upon which duty was assessed was caused by any other circumstance than a shortage of four bales of hides. The situation here is on all fours with that involved in the

*Dover Shipping* case, *supra.* Following our holding therein, the motion to dismiss is granted as to entry 502 with protest 83956–K.

Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate entries 367, 398, 401, 461, 3, 402, and 478, using as the basis for assessment of duty the foregoing weights agreed upon as the net weights. In all other respects, except as noted, the protests are overruled.